IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
DOCKET NO. 21-4253

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee*, | ) | |
| | ) | **PETITION FOR** |
| vs. | ) | **PANEL REHEARING** |
| | ) | |
| RICO BROWN, | ) | |
| | ) | |
| *Defendant-Appellant.* | ) | |
| _____ | ) | |

**STATEMENT OF PURPOSE**

The United States respectfully petitions under Federal Rule of

Appellate Procedure 40 and this Court's Local Rule 40 for panel

rehearing of Rico Brown's appeal of his criminal sentence under the

Armed Career Criminal Act.   The Supreme Court's recent decision in

*Erlinger v. United States*, 144 S. Ct. 1840 (2024), likely resolves the

merits of Brown's argument that the Constitution required some of the

Act's factual prerequisites to be found by a jury or admitted by the

defendant.   But the parties also fully briefed the United States'

additional argument that the district court's deviation from that

requirement does not require reversal of Brown's sentence because the error is harmless. *See Br. of United States* 20–25; *Reply Br. of Appellee* 6–21. The panel did not address the harmless-error argument in its initial opinion or its August 5 order vacating the district court's judgment in the light of *Erlinger*.

The United States respectfully suggests that the harmless-error issue qualifies as a "material factual or legal matter" in this appeal that "was overlooked" in the panel's decision, L.R. 40(b)(i). The United States, therefore, requests that this Court grant panel rehearing and decide whether the district court's judgment should be affirmed on harmless-error grounds.

## BACKGROUND

Brown pleaded guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1). *United States v. Brown*, 67 F.4th 200, 202 (4th Cir. 2023), *judgment vacated*, No. 23-6433, 2024 WL 3259683 (Sup. Ct. 2024). The maximum sentence for that offense at the time was ordinarily ten years' imprisonment. *Id.* But the Armed Career Criminal Act imposes a fifteen-year mandatory-minimum prison

sentence on persons convicted under § 922(g)(1), who have "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another."   18 U.S.C. § 924(e)(1).   Brown was advised about the Act before he pleaded guilty. *Brown*, 67 F.4th at 202.   "Brown's indictment," however, "did not allege whether he was subject to" the Act, "leaving the applicability of the enhancement to be resolved at sentencing."   *Brown*, 67 F.4th at 202.

At sentencing, the district court found that the Armed Career Criminal Act applied.   *Id.* at 202.   It found that Brown had three qualifying predicate convictions under North Carolina law:   "(1) a 2008 conviction for robbery with a dangerous weapon, committed on July 14, 2007; (2) a second 2008 conviction for robbery with a dangerous weapon, committed on September 24, 2007; and (3) a 2013 conviction for common law robbery, committed on October 8, 2012."   *Brown*, 68 F.4th at 202.   And the court found that "the three robberies were committed on different occasions."   *Id.* at 202.   Brown did not object to the accuracy of the information on which the Court relied for its findings, but he argued that "the fact that the underlying offenses had been

3

committed on different occasions should have been charged in his indictment and found by the jury or admitted by him in his guilty plea." *Id.* (emphasis omitted).   The court overruled the objection, applied the Act, and sentenced Brown to 15 years' imprisonment.   *Id.*

On appeal, Brown contended that the Constitution required the "different occasions" component of the Act's requirements to "be alleged in the indictment and be either found by the jury or admitted by the defendant in his guilty plea."   *Id.* at 202.   The United States initially disagreed.   *Id.* at 204.   It later "changed its position" and agreed that Brown was substantially "correct on the merits of his argument."   *Id.* at 204.

In both its response brief, *Br. of United States* 20–25 (Doc. No. 28), and its letter informing this Court of its change of position, *July 26, 2022 Letter* (Doc. No. 31), the United States argued that an erroneous failure to allege the different-occasions component in the indictment and require a jury finding would be harmless.   Brown responded to the United States' harmlessness argument in his reply brief.   *Reply Br. of*

*Appellee* 6–21.   This Court held oral argument, where the parties and this Court further discussed the harmlessness argument.

This Court affirmed Brown's sentence, holding that "it does not offend the Constitution to treat" the Armed Career Criminal Act — "including its 'different occasions' requirement — as an enhancement to be applied by the district court at sentencing."   *Brown*, 67 F.4th at 215. Although this Court acknowledged the United States' harmlessness argument, the Court did not address it.   *Id.* at 204.   Brown petitioned the Supreme Court for a writ of certiorari.

While Brown's certiorari petition was pending, the Supreme Court held in *Erlinger v. United States*, that a defendant is entitled to have the Armed Career Criminal Act's different-occasions inquiry resolved by a jury.   144 S. Ct. 1840, 1852 (2024).   Multiple Justices concluded that the error in *Erlinger* was harmless, *see id.* at 1866–67 (Kavanaugh, J., dissenting); *see also id.* at 1860–61 (Roberts, C.J., concurring), but a majority of the Court did not consider the harmless-error issue.

"[I]n light of *Erlinger*," the Supreme Court granted Brown's petition for a writ of certiorari and vacated this Court's judgment.

5

*Brown*, 2024 WL 3259683.   The Supreme Court remanded to this Court

for further consideration.   *Id.*

On August 5, this Court entered an order vacating the district

court's judgment and remanding "for further proceedings consistent

with *Erlinger*."   *Order* (Doc. No. 66).   The order does not discuss the

parties' harmlessness argument or indicate that the district court

should consider it in the first instance.

## DISCUSSION

The United States requests that this Court rehear this appeal to

consider the United States' argument that the district court's deviation

from the rule announced in *Erlinger* is harmless.   That argument is a

"material factual or legal matter," L.R. 40(b), because it is outcome

determinative.   If this Court finds the error to be harmless, "reversal is

not required" and the district court's judgment ought not be vacated.

*Br. of United States* 6, 24–25.   The United States also respectfully

suggests that the argument may have been "overlooked in the decision."

L.R. 40(b).   Although the parties addressed it, this Court had no

occasion to reach it at the time of the panel's initial decision affirming

on the merits. The Supreme Court's decision in *Erlinger* has since made the United States' harmless-error argument both ripe and dispositive.

Because this Court's post-*Erlinger* order does not mention the United States' harmless-error argument, it may have been "overlooked by the panel," L.R. 40(b), and the United States respectfully asks that the Court consider it. The issue has been fully briefed and argued. And it is an issue likely to recur in future appeals in the light of *Erlinger*. The United States — and potentially many others in this circuit with an interest in criminal law — would therefore welcome the clarity that this Court's decision might produce. For these reasons, the United States requests panel rehearing.

RESPECTFULLY SUBMITTED, this 8th day of August, 2024.

DENA J. KING
UNITED STATES ATTORNEY

s/Anthony J. Enright
Anthony J. Enright
NY Bar Number 4485140
Assistant United States Attorney
227 West Trade Street, Suite 1650
Charlotte, NC 28202
Telephone: 704-344-6222
Fax: 704-344-6229
E-mail: anthony.enright@usdoj.gov

## <u>CERTIFICATE OF COMPLIANCE</u>

1.    This motion has been prepared using a computer running Microsoft Word 2010, in Century Schoolbook font, and 14-point typeface.

2.    EXCLUSIVE of any materials excluded by Federal Rule of Appellate Procedure 32(f) or under Rule 27(a)(2)(B), the motion contains 1146 words.

I understand that a material misrepresentation can result in the Court's striking the motion and imposing sanctions.   If the Court so directs, I will provide an electronic version of the brief and/or a copy of the word or line print-out.

s/ Anthony J. Enright
Assistant United States Attorney
USAO Charlotte, NC

9

## CERTIFICATE OF SERVICE

I certify that I have this day caused to be served a copy of the above motion upon the Appellant by serving his attorney of record through electronic case filing.

This 8th day of August, 2024.

<u>s/Anthony J. Enright</u>
Assistant United States Attorney
USAO Charlotte, NC